IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CURTIS LEE SHEPPARD | § | |
| v. | § | CIVIL ACTION NO. 6:14cv222 |
| WARDEN BARBOSA, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Curtis Sheppard, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Sheppard named Warden Barbosa, Warden Berger, Warden Dewberry, Captain Jock, and Officer McNeely, all prison officials at the Michael Unit of the Texas Department of Criminal Justice, Correctional Institutions Division.

Sheppard complained that he has been subjected to "official oppression and racial profiling" by the Michael Unit administration because he is Rastafarian, a religious faith which commands that he grow his hair and beard. He states that he has received "excessive, falsified disciplinary cases" and has been placed on Special Penalty Cell Restriction.

Court records show that Sheppard has filed three separate lawsuits, including the present one, raising the same claim. One of these, *Sheppard v. Livingston, et al.*, civil action no. 1:12cv169, remains pending; another, styled *Sheppard v. Berger, et al.*, civil action no. 6:13cv862, was dismissed because Sheppard had previously filed at least other three lawsuits or appeals which were dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Sheppard v. Alford, et al.*, civil action no. 1:11cv169 (E.D.Tex., dismissed for failure to state a claim upon

which relief may be granted August 22, 2012, no appeal taken); *Sheppard v. Gray. et al.*, civil action no. 7:09cv195 (N.D.Tex., dismissed as frivolous June 16, 2010, no appeal taken); *Sheppard v. Stout, et al.*, civil action no. 7:10cv24 (N.D.Tex., dismissed as frivolous February 26, 2010, no appeal taken). He thus falls within the scope of 28 U.S.C. §1915(g), which provides that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

After review of the pleadings and records, the Magistrate Judge issued a Report recommending that Sheppard's lawsuit be dismissed as barred by §1915(g), because Sheppard did not pay the filing fee nor show that he is in imminent danger of serious bodily injury. Sheppard filed objections to the Magistrate Judge's Report on April 25, 2014.

In his objections, Sheppard says that he is currently challenging the dismissals of *Sheppard v. Gray* and *Sheppard v. Stout* in the Fifth Circuit. The on-line records of the Fifth Circuit do not show that Sheppard has any pending proceedings in the Fifth Circuit in relation to either of these two cases, and the district court dockets of these cases show that Sheppard has not filed any appeals or post-judgment proceedings. To the extent Sheppard argues that these cases should not be counted as strikes, the assertion is without merit.

Sheppard goes on to argue that the right to practice his religion is a "fundamental freedom" which is protected by the Religious Land Use and Institutionalized Persons Act. He argues the merits of his claims at length under RLUIPA; however, a claim under RLUIPA is a "civil action" and thus falls within 28 U.S.C. §1915(g), which prohibits prisoners with three strikes from bringing "civil actions" *in forma pauperis* absent a showing of imminent danger of serious physical injury. Sheppard did not pay the filing fee or show that he is in imminent danger of serious physical injury; thus, the Magistrate Judge correctly determined that his lawsuit is barred by §1915(g).

Next, Sheppard contends that the Prison Litigation Reform Act, which includes 28 U.S.C. §1915(g), is "another device to violate prisoners' rights" and "gives the United States Magistrate

2

Judge and the United States District Judge the green light to make it impossible to win in the federal district court." He goes on to assert that "99.9 percent of all Reports and Recommendations done is against prisoners and 99.9 percent of the United States District Judge adopts whatever the Magistrate Judge's Report says." He complains that the Court did not look at 42 U.S.C. §2000cc, the Religious Land Use and Institutionalized Persons Act. Sheppard again argues the merits of his claims and asserts that "the Report and Recommendation is the norm against a prisoner, it's like this throughout Texas while the campaign of retaliation, discrimination, official oppression, and racial profiling continues against plaintiff's Rastafarian religion and its religious tenet."

Court records plainly show that Sheppard has three strikes and thus falls under 28 U.S.C. §1915(g). He did not pay the filing fee and made no showing that he is in imminent danger of serious physical injury. His contention that the courts are biased against him or against prisoners in general is patently frivolous. Sheppard's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 4) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's application for leave to proceed *in forma pauperis* (Docket No. 2) is hereby DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 30th day of May, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**